

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2023

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

CAROLINE MCGUIRE
*Assistant Corporation Counsel*
Phone: (212) 356-5052
Fax: (212) 356-3509
cmcguire@law.nyc.gov

February 7, 2023

**By ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Shannon Jones, et al., v. City of New York, et al., 21-CV-10082 (MKV)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants in the above-referenced matter. Defendants write to respectfully request that the Court: either (i) bifurcate plaintiff's claims under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); or, alternatively, (ii) stay discovery on those claims until after other fact discovery is completed. Plaintiffs do not consent to these requests. This is defendants' first request to bifurcate discovery.

By way of background, plaintiffs bring constitutional claims arising out of their participation in the Mott Haven protests in June 2020. See Docket Entry No. 1. Plaintiffs bring a Monell claim, alleging that the City has unconstitutional "policies, practices, and customs" related to policing protests, that apparently cause plaintiffs' arrests. Id. at ¶¶ 427 – 433. The parties exchanged initial disclosures and plan disclosures. See Docket Entry No. 26. The bulk of discovery for the individual plaintiffs and defendants is complete: there is a short list of items related to the underlying incidents that needs to be exchanged, such as responses to document requests and interrogatories, Body Worn Camera Footage, and ARGUS footage. Once these are exchanged, the parties expect to conduct depositions.

In an effort to reach an early resolution in this matter, defendants requested that plaintiffs consent to bifurcating Monell discovery. This request came after reviewing plaintiffs' discovery requests, which are voluminous and focused on Monell discovery. See Exhibit A, Plaintiffs' Document Requests and Interrogatories. Plaintiffs rejected this request, and instead, proposed that defendants produce all of the discovery from the consolidated protest cases (20-CV-8924 (CM) (GWG)), despite the fact that plaintiffs' counsel intentionally decided to separate this case

from that litigation. Plaintiffs' proposal is untenable and will not aid the parties in resolving this case for three reasons: (1) <u>Monell</u> discovery regarding the same subjects and protests is ongoing in the consolidated cases; (2) <u>Monell</u> discovery in the consolidated cases is comprised of over 500,000 documents and counting; and finally, (3) if the parties are focused on <u>Monell</u> discovery, they cannot also dedicate resources to settlement discussions in a meaningful way. As an alternative, to plaintiffs' proposal, defendants requested – multiple times – that plaintiffs narrow their <u>Monell</u> discovery requests to reflect the ones that, in their view, will affect the case valuation. Plaintiffs refused to do so.

Discovery in this matter closes on May 17, 2023, and expert discovery closes on June 17, 2023. <u>See</u> Docket Entry Nos. 30, 31. To date, the parties have been diligently engaged in discovery. <u>See</u> Docket Entry No. 30 (detailing the discovery that has taken place so far). Therefore, having been unable to resolve this matter collegially, defendants now seek Court intervention to narrow the scope of discovery, so that the parties can focus their efforts on settlement. The Court should either bifurcate or stay <u>Monell</u> discovery for two reasons: (1) for efficiency purposes; and (2) because it will aid the parties in reaching a resolution.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[ or] claims . . . ." FED. R. CIV. P. 42(b). "'[T]he presence of only one of these conditions' is required for the Court to order a separate trial." <u>Candelarie v. Sci. Innovations, Inc.</u>, 08-CV-1714 (JS) (AKT), 2011 U.S. Dist. LEXIS 87328, at *5 (E.D.N.Y. Aug. 3, 2011) (quoting <u>Ricciuti v. N.Y.C. Transit Aut.</u>, 796 F. Supp 84, 85 (2d Cir. 1992)). "Bifurcation is appropriate when the resolution of a single issue may resolve the case and render trial on the other issue unnecessary." <u>Walker v. City of New York</u>, 14-CV-680 (WFK) (PK), 2018 U.S. Dist. LEXIS 58380, at *12 (E.D.N.Y. Mar. 30, 2018) (affirming Order to bifurcate <u>Monell</u> discovery). Importantly, "plaintiff may only pursue a <u>Monell</u> claim based upon an actual deprivation of his constitutional rights by persons acting under color of state law, even if the municipality's policy otherwise permits or encourages constitutional violations." <u>Id.</u> (citing <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986) (*per curiam*)). Therefore, courts in the Second Circuit "often order bifurcation in § 1983 civil rights cases where there are <u>Monell</u> claims against the municipality." <u>Id.</u> (collecting cases).

"In determining what constitutes prejudice, courts 'generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" <u>Hart v. City of New York</u>, 11-CV-4678 (RA), 2012 U.S. Dist. LEXIS 166578, at *19 (S.D.N.Y. Nov. 20, 2012).

Bifrucating <u>Monell</u> at this stage is undoubtedly a more efficient way to litigate this case. Plaintiff must prove two elements to assert a municipal liability claim: "first prove the existence of a municipal policy or custom in order to show the municipality took some action that caused him injures" and then "[s]econd, the plaintiff must establish a causal connection — an affirmative link — between the policy and the deprivation of his constitutional rights." <u>Vippolis v. Vill. of Haverstraw</u>, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted). That is – once plaintiffs prove an underlying constitutional violation, they must then show it was caused by the alleged unconstitutional policy.

It is unlikely plaintiff can successfully prove all of the constitutional violations alleged in the case as a matter of law and as a matter of fact. As an initial matter, there was probable cause, or arguable probable cause for all of the plaintiffs' arrests. Probable cause exists where an officer has a reasonable belief that the individual in custody committed a crime. Vett v. City of New York, No. 20-cv-2945, 2022 U.S. Dist. LEXIS 2350 at *18 (S.D.N.Y. Jan. 5, 2022). Here, all of the plaintiffs were violating the curfew, and plaintiff Jones lacked a permit to use a megaphone. These facts establish probable to arrest the plaintiffs. In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d 383, 412, 416-17 (S.D.N.Y. 2021) (finding that the curfew did not violate the First Amendment because it was an appropriate time, place and manner restriction);[1] N.Y.C. ADMIN. CODE § 10-108 ("Regulation of sound devices or apparatus."). Likewise, a finding of probable cause would obviate any First Amendment claim; the plaintiffs were free to protest within the parameters of the curfew, and the New York City Administrative code. Plaintiffs cannot predicate a First Amendment claim on enforcement of a curfew that has already been deemed to align with the First Amendment rights granted to them in the Constitution. In re New York City Policing During Summer 2020 Demonstrations, 548 F. Supp. 3d 383 at. 412-14 ("Accordingly, this Court agrees with Defendants that the executive orders did nothing more than impose reasonable time, place and manner restrictions on Plaintiffs' right to protest, without curtailing those rights. The curfew was not inconsistent with the protections of the First Amendment…"); See also Kuck v. Danaher, 600 F.3d 159, 168 (2d Cir. 2010) (stating the elements of First Amendment Retaliation are "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right.")).

Should the Court dismiss plaintiff's false arrest and First Amendment claims, it is unlikely they will succeed on their Monell claim, which is predicated on apparently false arrests, caused by an alleged NYPD policy about policing protets. See Docket Entry No. at ¶¶ 427 – 433.Where a plaintiff has failed to establish a violation of his constitutional rights, there is no basis for a claim of municipal liability. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.") (emphasis in original).

As an ancillary matter, plaintiffs' cruel and unusual punishment claim fails as a matter of law because they were never convicted of any crime. Johnson v. Jefferson, 22-CV-0424, 2022 U.S. Dist. LEXIS 111096, at *8 (N.D.N.Y. May 31, 2022) (collecting cases). Finally, plaintiffs

---

[1] In part of this case, Judge McMahon determined that curfew enforcement could not be decided on the merits for the Mott Haven protest, because it was alleged Chief Monahan was present, and that police officers "kettled" protestors. 548 F. Supp. 3d 383, 417 (S.D.N.Y. 2021). However, plaintiff Williams' 50-H testimony establishes she was near plaintiff Jones when plaintiff Jones was arrested; plaintiff Williams was arrested shortly after witnessing Jones' arrest. See Exhibit B, Excerpts of Williams' 50-H testimony at DEF 0723. Based on the video of Jones' arrest – which is publicly available – neither party can assert they were apparently "kettled." Jake Offenhartz, *Meet The "Outside Agitator" Whose Bronx March Was Violently Cracked Down On By The NYPD*, THE GOTHAMIST, (June 10, 2020)https://gothamist.com/news/meet-outside-agitator-whose-bronx-march-was-violently-crushed-nypd. In fact, they were free, and *invited* to leave. They could have complied with the curfew, but instead chose not to.

fail to properly plead an equal protection claim, because they fail to claim they were selectively treated based on their protection of a protected class, compared to those similarly situated. Brady v. Town of Colchester, 863 F.2d 205, 216 (2d Cir. 1988) ("…The equal protection clause 'is essentially a direction that all persons similarly situated should be treated alike.") (quoting City of Cleburne, 473 U.S. 432, 439 (1985). In fact, plaintiffs' Monell claim, that the NYPD had a pervasive policy of mishandling protests and mass arrest centers would seem to contradict this very claim. See Docket Entry No. 1 ¶¶ 412 – 431.

The discovery exchanged – which is mainly focused on plaintiff's individual constitutional claims – is already capacious. If plaintiffs cannot demonstrate a constitutional violation for false arrest, they cannot establish a Monell claim, as a matter of law. Therefore, for efficiency purposes, the Court should bifurcate Monell, until if/when plaintiffs can demonstrate an underlying constitutional violation. See Morales v. Irizarry, 95 Civ. 5068 (AGS) (HBP), 1996 U.S. Dist. LEXIS 15613, at **3–4 (S.D.N.Y. Oct. 17, 1996) ("The overwhelming weight of authority holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a Monell claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the Monell claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established.").

Alternatively, the Court may reserve its decision on bifurcation and, instead, stay Monell discovery until after discovery and dispositive motion practice are complete on the underlying claim. "'[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Federal Rule of Civil Procedure 26(c)." Oliver v. City of New York, 19 Civ. 11219 (PGG) (JLC), 2021 U.S. Dist. LEXIS 103656, at *3 (S.D.N.Y. June 2, 2021) (quoting Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 09 Civ. 5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *2 (S.D.N.Y. Sep. 1, 2009)). "Rule 26(d) also allows the Court 'to control the sequence and timing of discovery,' particularly where resolution of a preliminary matter may decide the entire case." Id. at **3–4 (quoting Thrower v. Pozzi, 99 Civ. 5871 (GBD), 2002 U.S. Dist. LEXIS 1035, at **21–22) (S.D.N.Y. Jan. 23, 2002)). "'[I]f discovery is staged, rather than claims bifurcated, the Court may take account of the likely strength of the underlying claims and then determine whether to allow discovery to proceed on the second-stage Monell claim.'" Id. at **4–5 (quoting Alli v. Steward-Bowden, 2013 U.S. Dist. LEXIS 132875, at *4 (S.D.N.Y. Sep. 17, 2013)).

The parties attended a mediation on August 8, 2022, which did not lead to a resolution of this case. See Docket Entry No. 20. On September 13, 2022, defendants issued Federal Rule of Civil Procedure 68 offers to plaintiffs, which plaintiffs rejected. The parties also discussed settlement at the 26(f) conference on September 28, 2022, in which plaintiffs tendered lowered demands to defendants. On November 30, 2022, defendants conveyed increased offers to plaintiffs Williams and Roman. On January 17, 2023, plaintiff counter offered on plaintiff Roman.

In defendants' view, this case will either require multiple settlement conferences or mediations – a venue with a neutral third party – to reach a resolution in this case. Defendants are prepared to engage in these discussions to resolve this matter. While the parties seem to agree that this case should settle, the parties cannot reach a settlement agreement if they cannot

4

dedicate their resources to that objective. Therefore, defendants respectfully request that the Court either bifurcate, or stay Monell discovery.

Here, the Court should bifurcate or stay Monell discovery so that the parties can focus their efforts on the underlying claim. See Amato v. City of Saratoga Springs, 170 F.3d 311, 321 (2d Cir. 1999) ("Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a 'policy or custom' on behalf of the municipal entity is often unnecessary in the suit against the individual officer."); Tabor v. New York City, No. 11 CV 0195, 2012 U.S. Dist. LEXIS 29004, at *10 (E.D.N.Y. Feb. 23, 2012) (finding that bifurcation is appropriate when "he resolution of a single issue may resolve the case and render trial on the other issue unnecessary" and thus bifurcating discovery on false arrest and malicious prosecution claims from Monell claim). In this case, bifurcating or staying discovery on the Monell claims would promote judicial economy by narrowing the scope of discovery to focus on the individual actions of plaintiffs and defendants. Engaging in Monell discovery would undoubtedly delay the parties from reaching a resolution in this matter because it would be impossible for both sides to meaningfully engage in both settlement discussions and the type of voluminous Monell discovery that plaintiffs are seeking.

Additionally, there has already been substantial discovery regarding these protests generally (particularly, the Mott Haven protests) in the consolidated cases over which Judge McMahon is presiding. Counsel in those cases have ably developed and preserved the record. Federal Rule of Civil Procedure 1 directs that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Bifurcating or staying costly, unnecessary and duplicative Monell discovery will do just that.

Therefore, defendants respectfully request that the Court either bifurcate plaintiffs' Monell claims or stay Monell discovery until after discovery is completed.

Thank you for your consideration herein.

Respectfully submitted,

/S/ *Caroline McGuire*
Caroline McGuire
*Assistant Corporation Counsel*

---

Plaintiffs shall file a response to this letter by February 17, 2023.  SO ORDERED.

Date: 2/13/2023
New York, New York

Mary Kay Vyskocil
United States District Judge

5